**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRITTANY SHANNE JEFFRIES and DEBRA ANN FOSTER, ) ) ) Plaintiffs, ) ) vs. ) ) CITY OF CHICAGO SCHOOL ) DISTRICT #299, AMANDLA ) CHARTER HIGH SCHOOL, ) ) Defendants. ) | Case No. 13 C 3427 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Debra Ann Foster filed a *pro se* lawsuit on behalf of her herself and her minor daughter, Brittany Shanne Jeffries, against City of Chicago School District #299, Amandla Charter School, and the Illinois State Board of Education. Foster alleged that the defendants denied her daughter a free and appropriate public education as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(2)(A); section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132. Foster also asserted a claim against the defendants under 42 U.S.C. § 1983, covering the same underlying conduct referenced in her other claims.

This Court granted defendants' motion to dismiss all of Foster's claims. *See Jeffries v. City of Chicago Sch. Dist. #299*, No. 13 C 3427, 2014 WL 3954237 (N.D. Ill. Aug. 13, 2014). The Seventh Circuit affirmed this Court's dismissal of Foster's claims on

behalf of her daughter, as well as all of Foster's own claims other than her claim for reimbursement of out-of-pocket expenses under the IDEA. See *Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874 (7th Cir. 2015).

Following remand, this Court referred the case Magistrate Judge Maria Valdez for a settlement conference. This Court and Judge Valdez appointed an attorney to represent Foster in connection with the settlement conference.

Magistrate Judge Valdez conducted a settlement conference on September 15, 2015, and the parties reached agreement on the terms of settlement that same day. Specifically, defendants agreed to pay $8,100.00 to Foster within thirty days of execution of a settlement agreement and release. See Dkt. no. 90-1.

Foster filed two *pro se* motions immediately after the settlement conference. In the first motion, entitled "Motion to Amend and Redress Plaintiff [sic] 1983 Claim," Foster alleged that she was asserting a claim under 42 U.S.C. § 1983 and that Defendants had acted in bad faith and "recklessly and callously" denied her daughter a free and appropriate public education as required by statute. Dkt. no. 82 at 2-4. In the second motion, entitled "Motion for Clarity of Judge Maria Valdez Ruling," Foster alleged that the settlement agreement did not cover her section 1983 claim, which, she said, Judge Valdez characterized as "off the table." The thrust of both of Foster's motions was that the settlement was not all-encompassing and that Foster still had viable claims that she wished to pursue.

Defendants then filed a motion to enforce the settlement agreement. They argued that Foster's IDEA claim for out-of-pocket expenses was the only claim that remained alive post-appeal. Defendants further argued that Foster had agreed to settle

that claim, leaving nothing remaining of her lawsuit.

This Court referred the motions to Magistrate Judge Valdez, who issued a report and recommendation (R&R) on December 8, 2015. Judge Valdez concluded that Foster's only remaining claim following the remand from the Seventh Circuit, and thus the only claim that still existed at the time of the settlement conference, was her claim for out-of-pocket expenses under the IDEA. *See* R&R at 10-12. Judge Valdez further determined that the parties agreed that this claim had been settled at the settlement conference. *Id.* at 11. In this regard, Judge Valdez cited Foster's own statements at the hearing on the motions, as well as in her motions filed before this Court. All of these statements, Judge Valdez said, supported the proposition that the parties had reached a binding to settle the claim out-of-pocket expenses, which was the only claim that remained pending post-appeal. *Id.* at 11, 13.

Judge Valdez also found that the settlement agreement was binding and enforceable because Foster authorized her attorney to sign a term sheet on her behalf, and alternatively because Foster had entered into a valid oral contract before voluntarily leaving the settlement conference. *Id.* at 19, 21-22. Based on her findings, Judge Valdez recommended that that the district court deny Foster's motions and grant defendants' motion to enforce the settlement agreement. *Id.* at 22.

Foster filed a timely objection to Judge Valdez's recommendation. She argues that her section 1983 claim is still available to her, and that when Judge Valdez said that claim was "off the table," she meant that the section 1983 claim would not be addressed during the settlement conference but would still be negotiable later. Foster also argues that she is entitled to punitive damages under the IDEA in addition to out-of-pocket

3

expenses, because the school district acted in bad faith by failing to comply with IDEA requirements. Finally, Foster argues that she did not authorize her attorney to settle any claims aside from the IDEA claim for out-of-pocket expenses.

## Discussion

Foster has objected to Magistrate Judge Valdez's Report and Recommendation. She argues that the September 15, 2015 settlement agreement covers only her IDEA claim for out-of-pocket expenses and that her claims under section 1983 and for punitive damages under the IDEA were not addressed and remain pending and viable. This Court reviews the matter *de novo*. FED. R. CIV. P. 72(b)(3); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

State law governs the question of whether the parties reached a binding settlement agreement, even though Foster's underlying claims were all federal. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506-07 (7th Cir. 2007). Enforcement of an oral settlement agreement requires a showing that the parties reached a "meeting of the minds," i.e., mutual assent to all material terms. *See, e.g., SBL Assocs. v. Vill. of Elk Grove*, 247 Ill. App. 3d 25, 30-31, 617 N.E.2d 178, 182 (1993).

The objective facts are sufficient to establish that Foster exhibited the intent to be bound to a settlement of her claim under the IDEA for out-of-pocket expenses. Whether there was a meeting of the minds is determined not by the parties' claims regarding their subjective intent but rather by reference to objective outward manifestations of their intent. *See, e.g., Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 2000); *Empro Mfg. Co. v. Ball-Co Mfg., Inc.,* 879 F.2d 423, 425 (7th Cir. 1989). Foster manifested an objective intent to be bound to a settlement of her claim for out-of-pocket

4

expenses based on her attendance at the settlement conference and her express acknowledgment in later writings that this claim had been settled. During a hearing before Judge Valdez, Foster acknowledged her understanding that a valid settlement agreement for out-of-pocket expenses had been reached at the conference:

> THE COURT: [A]nd from your pleading you seem to say you understand that the settlement settled your claim under the IDEA.
>
> MS. FOSTER: I understood my settlement claim to be under the IDEA out-of-pocket expenses only and for . . . and for myself.

Jan. 15, 2016 Tr. at 3. Foster has said the same thing in her written submissions, specifically, that she had "agreed to the settlement of IDEA out of pocket expenses," Pl.'s Mot. for Clarity, dkt. no. 83 at 2, and that she had "agree[d] that a settlement had been reached with respect to the $8,100 only—out-of-pocket expenses." Pl.'s Obj. to Mag. Judge's R&R, dkt. no. 97 at 6.

The settlement term sheet prepared at the settlement conference before Magistrate Judge Valdez reflects that all of Foster's claims were settled at the settlement conference. See Dkt. no. 90-1. In her motion, Foster argues that although she gave her appointed counsel authority to settle the out-of-pocket expense claim, she did not give counsel authority to settle "all claims." Id. Foster expressly admits, however, that her attorney was authorized to settle her claim for IDEA out-of-pocket expenses, and admits also that a valid settlement agreement was reached at the settlement conference, at which Foster herself was present. Although Foster voluntarily left (contrary to her attorney's advice) before the end of the settlement conference, a binding agreement to settle the IDEA out-of-pocket expenses claim was reached even before she left.

5

The real issue here is whether, at the time of the settlement conference, Foster had any claims remaining other than her IDEA claim for out-of-pocket expenses. If the answer is no, then the settlement of that particular claim covered all of Foster's remaining claims, and it amounts to a final resolution of the case. Foster contends that she is still entitled to seek and recover punitive damages under the IDEA and to seek relief on her claim under section 1983.

This Court dismissed Foster's section 1983 claim prior to her appeal. On appeal, the Seventh Circuit determined that Foster had not challenged this dismissal. *See Foster v. Bd. of Ed. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) ("Foster does not develop challenges to the district court's dismissal of her § 504 and § 1983 claims."). The court of appeals affirmed this Court's judgment except with regard to Foster's IDEA claim. *Id.* at 879. Foster is not entitled to a second bite at the apple on the section 1983 claim. This Court dismissed the claim; the court of appeals affirmed; and thus there was no longer a live section 1983 claim at the time of the settlement conference. Because this claim was no longer part of the case, it is immaterial whether Foster agreed to settle it or gave her attorney authority to do so.

This leaves only Foster's request for punitive damages under the IDEA. This Court concluded in its decision dismissing Foster's IDEA claim that punitive damages are a form of relief that is unavailable under the IDEA. *See Jeffries v. City of Chicago SD #299*, No. 13 C 3427, 2014 WL 3954237, at *10 (Aug. 13, 2014). Foster did not challenge this particular ruling on appeal either. On appeal, the Seventh Circuit concluded that all that was left of Foster's IDEA claim was her request for reimbursement—*not* her request for punitive damages. In short, after the appeal,

6

Foster has no live punitive damages request. Because this request was no longer properly part of the case, it is immaterial—just as it was with the section 1983 claim—whether Foster intended to settle the matter of punitive damages or gave her attorney authority to do so.

**Conclusion**

Foster has admitted that she settled her IDEA claim for out-of-pocket expenses, and that was all that was left of her case after the appeal. Foster's contention that she also had live claims under 42 U.S.C. § 1983 and for punitive damages under the IDEA is not viable. The settlement covered all of Foster's claims that were still pending. For these reasons, the Court adopts Magistrate Judge Maria Valdez's report and recommendation, grants defendants' motion to enforce the parties' settlement agreement [dkt. no. 90], and denies Foster's motion to amend and redress section 1983 claim and motion for clarity of Judge Valdez's ruling [dkt. nos. 82 & 83]. The Court also terminates Judge Valdez's R&R as a pending motion [dkt. no. 95]. The Clerk is directed to enter judgment stating as follows: (1) Defendant is directed to tender to plaintiff, within seven days of this order, a check drawn on good funds in the amount of $8,100. (2) Upon defendant's tender of that check, all claims asserted in this litigation are dismissed with prejudice, and plaintiff will be deemed to have released all of those claims.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 10, 2016